UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

CV 14 - 00814

------------------------------------------------------------------

JOEL LEWIS,

Plaintiff,   TALIANO, J.

COMPLAINT

-against-

LEVY, M.J.

JURY TRIAL DEMANDED

THE CITY OF NEW YORK, and Police Officers "JOHN DOE" 1-3,
Individually and in their Official Capacities, the names "JOHN DOE"
being fictitious as the true names are not presently known,

Defendants.

------------------------------------------------------------------

Plaintiff, JOEL LEWIS, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon

information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States of America.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in

that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, JOEL LEWIS, is, and has been, at all relevant times, a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants, POLICE OFFICERS "JOHN DOE" 1 through 3, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.    On or about October 27, 2013, at approximately 12:00 a.m., plaintiff JOEL LEWIS, was lawfully present inside his basement level apartment at 1088 Willmohr Street, in Kings County in the State of New York.

14.    At that time and place, plaintiff let his dog out of the house and into the enclosed backyard.

15.    Said backyard is completely fenced in, plaintiff's dog had never escaped from the backyard, and there was no way for plaintiff's dog to escape the backyard.

16.    Shortly thereafter, plaintiff heard a gunshot and went into the backyard to see what had happened.

17.    When he did so, plaintiff found two uniformed NYPD officers in his backyard.

18.    One of those officers, named here as a defendant, had discharged her weapon, shooting plaintiff's dog in the leg.

19.    Plaintiff's dog had not left the backyard, had made no attempt to do so, and posed no threat to any person or property, including those of the defendant NYPD officers.

20.    Thereafter, several NYPD officers responded to the scene.

21.    After questioning plaintiff, his family, and the defendant NYPD officers involved in the shooting, another of the individually named NYPD officers ordered plaintiff's arrest.

22.    Plaintiff was thereafter handcuffed with his arms secured tightly behind his back by NYPD officers.

23.    At no time on October 27, 2013 did plaintiff commit any crime or violation of law.

24.    At no time on October 27, 2013 did defendants possess probable cause to arrest plaintiff.

25.     At no time on October 27, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

26.     At no time on October 27, 2013 were the defendant officers presented with a set of circumstances in which it was reasonable to shoot plaintiff's dog.

27.     Defendants thereafter transported plaintiff to a nearby police precinct.

28.     While in custody, defendant officers ordered and performed a strip search, requiring plaintiff to remove all of his clothes and bend into a prone position.

29.     At no time did the defendant officers possess the particularized suspicion necessary to justify such a search.

30.     In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

31.     As a result of the defendants' conduct, the plaintiff was charged under New York City Health Code 161.05 which requires the restraint of dogs in "open or unfenced areas abutting on a public place."

32.     As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty-four hours in custody.

33.     Despite defendants' actions, the charge against plaintiff, JOEL LEWIS, was adjourned in contemplation of dismissal at his arraignment on October 27, 2013.

34.     As a result of the foregoing, plaintiff JOEL LEWIS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of an interest in his dog, and deprivation of his constitutional rights.

35.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiff, JOEL LEWIS, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF FOR
FALSE ARREST UNDER 42 U.S.C. § 1983**

40.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41.     As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

42.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR UNLAWFUL SEIZURE UNDER 42 U.S.C. § 1983

43.     Plaintiff, JOEL LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

44.     It was unreasonable and unnecessary for the defendant officer to shoot plaintiff's dog given the facts and circumstances then and there prevailing.

45.     As a result of the foregoing, plaintiff, JOEL LEWIS, was denied his interest in his pet dog in violation of his right to be free from unreasonable seizure, as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States.

## THIRD CLAIM FOR RELIEF
## FOR UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

46.     Plaintiff, JOEL LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

47.     It was unreasonable and unnecessary for the defendant officer to subject plaintiff to an intrusive strip search.

48.     As a result of the foregoing, plaintiff's right to be free from unreasonable search was violated, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

49.     Plaintiff, JOEL LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

50.     Defendants arrested and incarcerated plaintiff, JOEL LEWIS, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration

would jeopardize plaintiff's liberty, well-being and safety, and violate his constitutional rights.

51.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

52.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

53.     Those customs, policies, patterns, and practices include, but are not limited to:

    i.      requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.     requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.     failing to properly train police officers in the requirements of the United States Constitution.

    v.      failing to properly train police officers in the proper use of their service weapons

    vi.     arresting individuals to cover up police misconduct.

54.     The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.      arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.     arresting individuals regardless of probable cause in order to positively affect

precinct-wide statistics;

iii.    falsifying evidence and testimony to support arrests lacking probable cause;

iv.    falsifying evidence and testimony to cover up police misconduct.

55.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, JOEL LEWIS.

56.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

57.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

58.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

59.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

60.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

61.    All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

62.     Plaintiff, JOEL LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

63.     On or about November 15, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

64.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65.     Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on January 22, 2013.

66.     This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

67.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

68.     This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## FIFTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

69.     Plaintiff, JOEL LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

70.     At the aforesaid place and time, the individually named defendants did cause plaintiff, JOEL LEWIS, to be unlawfully assaulted and battered, without cause or provocation.

71.     The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

72.     As a result of the aforesaid assault and battery, plaintiff, JOEL LEWIS, was injured, both physically and mentally.

## SIXTH CLAIM FOR RELIEF
## FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

73.     Plaintiff, JOEL LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

74.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

75.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

76.     As a result of the foregoing plaintiff, JOEL LEWIS, was caused to sustain physical and emotional injuries.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77.     Plaintiff, JOEL LEWIS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

78.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

79.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

80.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

81.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

82.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
          February 5, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S.
LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:     MATTHEW SHROYER (MS-6041)
          80 Maiden Lane, 12th Floor
          New York, New York 10038
          (212) 962-1020